1
2
3
4
5
6
7
8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10

11 Blue Cross of California d/b/a
Anthem Blue Cross; Anthem Blue
12 Cross Life and Health Insurance
Company; Anthem Health Plans, Inc.
13 d/b/a Anthem Blue Cross and Blue
Shield; Anthem Health Plans of
14 Maine, Inc. d/b/a Anthem Blue Cross
and Blue Shield; Anthem Health Plans
15 of New Hampshire, Inc. d/b/a Anthem
Blue Cross and Blue Shield; Anthem
16 Health Plans of Virginia, Inc. d/b/a
Anthem Blue Cross and Blue Shield;
17 BCBSM, Inc. d/b/a Blue Cross and
Blue Shield of Minnesota; Blue Cross
18 and Blue Shield of Georgia, Inc.; Blue
Cross Blue Shield Healthcare Plan of
19 Georgia, Inc.; Blue Cross Blue Shield
of Wisconsin d/b/a Anthem Blue
20 Cross and Blue Shield; Community
Insurance Company d/b/a Anthem
21 Blue Cross and Blue Shield;
Compcare Health Services Insurance
22 Corporation d/b/a Anthem Blue Cross
and Blue Shield; Empire
23 HealthChoice Assurance, Inc. d/b/a
Empire Blue Cross and Blue Shield;
24 Healthy Alliance Life Insurance
Company; HMO HealthKeepers, Inc.
25 d/b/a Anthem Blue Cross and Blue
Shield; HMO Missouri, Inc.;
26 RightCHOICE Managed Care, Inc.;

Case No. 2:18-cv-04912−SJO (GJSx)

STIPULATED PROTECTIVE
ORDER[1]

27

28
---
[1] This Stipulated Protective Order is substantially based on the model protective
order provided under Magistrate Judge Gail J. Standish's Procedures.

and Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield of Colorado,

        Plaintiffs,

        v.

Sonoma West Medical Center, Inc.; DL Investment Holdings LLC f/k/a Durall Capital Holdings, LLC; Reliance Laboratory Testing, Inc.; Medivance Billing Service, Inc.; Aaron Durall; and Neisha Carter Zaffuto,

        Defendants.

1.     <u>A. PURPOSES AND LIMITATIONS</u>

    Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

    <u>B. GOOD CAUSE STATEMENT</u>

    This action is likely to involve protected health information, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary or sensitive information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other

2

confidential research, development, or commercial information (including information implicating privacy rights of third parties), employee records and personnel files, patient medical records and related health information, or information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to and are obligated to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

3

require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFORMATION," does not— without the submission of competent evidence by declaration establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.  <u>DEFINITIONS</u>

2.1  <u>Action</u>: this pending federal lawsuit, *Blue Cross of California d/b/a Anthem Blue Cross, et al. v. Sonoma West Medical Center, Inc., et al.*, Case No. 2:18-cv-04912−SJO−GJS.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, including, but not limited to, information that contains a party or third party's trade secrets, proprietary or sensitive information, employee records and personnel files, medical records, and any other such information subject to privacy rights.

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Covered Entity</u>: "Covered entity" shall have the same definition set forth in 45 C.F.R. § 160.103.

2.6 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "PROTECTED HEALTH INFORMATION."

2.7 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 <u>HIGHLY CONFIDENTIAL Information or Items</u>: includes information that contains a party's or non-party's non-public business or non-privileged legal information which, if shared with the other party to this action could risk irreparable harm to the Producing Party or a non-party.

5

2.10    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.13    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFORMATION."

2.17    Protected Health Information: has the same scope and definition as set forth in 45 C.F.R. § 160.103 as well as any individual health information protected by state or federal law. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual,

6

which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from Protected Health Information, regardless of form or format. Protected Health Information also includes information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member, to the extent it is linked to Protected Health Information as defined in 45 C.F.R. § 160.103:

- names;
- all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
- all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;
- telephone numbers;
- fax numbers;
- electronic mail addresses;
- social security numbers;
- medical record numbers;
- health plan beneficiary numbers;
- account numbers;
- certificate/license numbers;
- vehicle identifiers and serial numbers, including license plate numbers;
- device identifiers and serial numbers;
- web universal resource locators ("URLs");
- internet protocol ("IP") address numbers;

- biometric identifiers, including finger and voice prints;

- full face photographic images and any comparable images;

- any other unique identifying number, characteristic, or code; and

- any other information that the Producing Party knows could be used alone or in combination with other information to identify an individual who is the subject of the information.

2.18    Receiving Party:  a Party to this Action and/or any non party receiving or viewing Confidential Information, Highly Confidential Information, or Protected Health Information in connection with this Action.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial. Information designated as "HIGHLY CONFIDENTIAL" or "PROTECTED

HEALTH INFORMATION" used or introduced as an exhibit at trial shall not become public and will not be available to members of the public.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

        (a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend

9

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "PROTECTED HEALTH INFORMATION," to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFORMATION" legend to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition and for a period of thirty (30) days after a transcript of said deposition is received by Counsel, all protected testimony.

Any party intending to use Highly Confidential Information or Protected Health Information at a deposition may seek to exclude from the deposition room any person not entitled to receive or view such information. To the extent feasible, the parties shall meet and confer regarding such exclusion at a time reasonably in advance of the relevant questioning.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFORMATION." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

A party who seeks to introduce protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will review the information, in camera, to determine if the information is entitled to continued protection. If the information is entitled to continued protection, counsel for the party making the disclosure will request that the Court exclude from the hearing or trial any person that is not entitled to receive or view such information.

All depositions shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties. At any time during the course of the deposition or during the thirty (30) day period thereafter, a party may designate all or portions of the transcript as Confidential Information, Highly Confidential Information, or Protected Health Information. Upon such designation, the deposition shall be classified appropriately. If no designation is made during such thirty (30) day period, the deposition shall lose its Confidential Information designation at the end of the thirty (30) day period.

This Protective Order shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated or treated as Confidential Information, Highly Confidential Information, or Protected Health Information under the terms hereof, provided the witness is entitled to review such information. Any court reporter (and any necessary secretarial, clerical or other personnel of such reporter) and deposition witness who is given access to Confidential Information, Highly Confidential Information, or Protected Health Information shall, prior thereto, be provided with a copy of this Protective Order and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party. Any party intending to use Highly Confidential Information or Protected Health Information at a deposition may seek to exclude from the deposition room any person not entitled to receive or view such information. To the extent feasible, the parties shall meet and confer regarding such exclusion at a time reasonably in advance of the relevant questioning.

If a deponent refuses to agree to the nondisclosure provisions of this Order, disclosure of Confidential Information, Highly Confidential Information, or Protected Health Information during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent. Any third-party deponent (other than expert witnesses) who receives Confidential Information, Highly Confidential Information, or Protected Health Information during a deposition shall be permitted to obtain a copy of the deponent's deposition transcript and exhibits solely for the purpose of reviewing the deposition transcript for accuracy, and shall destroy all such copies within the deponent's possession within three (3) days after reviewing and signing the transcript.

Any person receiving Confidential Information, Highly Confidential Information, or Protected Health Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

7.2     Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFORMATION" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFORMATION" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who are under the supervision or control of such Counsel and who have been advised by such Counsel of their obligations hereunder;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who are under the supervision or control of such Counsel and who have been advised by such Counsel of their obligations hereunder;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.2  <u>Disclosure, Production, or Use of "PROTECTED HEALTH INFORMATION" Information or Items</u>.  These paragraphs are in addition to the requirements discussed above. In the event that this provision conflicts with any other provision in this Protective Order, regarding the disclosure, production, or use of Protected Health Information, this provision shall govern:

(a) In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") (*see* Pub. L. 104-191, 110 Stat. 1936), specifically 45 C.F.R. § 164.512(e)(1)(ii)(B) and § 164.512(e)(1)(v)-(vi), the Court hereby institutes this Protective Order as a HIPAA Qualified Protective Order as that term is defined in these statutes and regulations.

(b) The parties are authorized through discovery to request and subpoena Protected Health Information from the parties and other HIPAA covered entities. The parties (and non-parties, including covered entities, providing discovery pursuant to subpoenas from the parties) are authorized to provide discovery as

15

described herein, to the extent such information is otherwise discoverable. Accordingly, the parties (and non-parties, including covered entities, providing discovery pursuant to subpoenas from the parties) may produce Protected Health Information without consent of the patient or his or her legal representative and without providing notice to the patient.

(c) The parties also seek to ensure that any person who receives and stores Protected Health Information in connection with this litigation will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Protected Health Information, and to prevent unpermitted use or disclosure of any Protected Health Information they may receive from any person in connection with this litigation. Protected Health Information will be destroyed pursuant to the below provisions.

(d) The parties shall not file documents containing Protected Health Information or submit such documents to the Court, or reproduce their contents in any filing, unless all Protected Health Information has been removed, redacted, or de-identified in compliance with HIPAA. Each party has an independent obligation to review material that it plans to file with the Court to ensure that any Protected Health Information is protected as required by this Protective Order.

(e) Nothing contained in this Protective Order authorizes the parties to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or attorney-client communications. Moreover, the parties may seek additional protection from the disclosure and use of any documents and information for which they believe this Protective Order does not provide adequate protection or with respect to documents and information they believe are not subject to disclosure pursuant to applicable statutes, rules, regulations or other applicable law.

(f) Discovery in this case may involve the production of Protected Health Information relating to individuals who are not currently parties to this litigation. In order to protect patient privacy, no party shall, without prior leave from Court, use, rely on, or disclose Protected Health Information produced by other parties in order to contact any patient, former patient, or other individual not represented by counsel. Such communications, if specifically authorized by the Court, shall be only in writing, with copies to all parties, and shall be treated as Protected Health Information to the extent their contents or the identity of the individual contacted reveal any information related to any individual's Protected Health Information. This provision does not prohibit any party from contacting any individual based on information in that parties' possession, custody or control.

(g) In the event that the Receiving Party, including any expert or consultant of the Receiving Party, inadvertently discloses Protected Health Information, triggering a reportable event, the Receiving Party shall indemnify and hold harmless the Producing Party as it relates to such inadvertent disclosure and any related reporting.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFORMATION," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

17

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFORMATION" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFORMATION." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably

18

specific description of the information requested; and

       (3)  make the information requested available for inspection by the Non-Party, if requested.

      (c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and

(e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

If a Receiving Party learns that it has disclosed "CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION," or "PROTECTED HEALTH INFORMATION" to any person or in any circumstance not authorized under this Protective Order, the Receiving party must immediately: (a) notify in writing the Producing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the "CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION," or "PROTECTED HEALTH INFORMATION"; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; (d) request such persons to destroy all copies of the Confidential Information, Highly Confidential Information, or Protected Health Information; and (e) request such persons to execute the "Agreement to Be Bound by the Stipulated HIPAA Qualified Protective Order" the form of which is attached hereto as Exhibit A.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the

specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this Action by settlement or exhaustion of all appeals, each Receiving Party must destroy all Protected Material . As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain for their client file an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, emails, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any documents maintained by Counsel under this provision that contain Protected Health Information produced by any other party must be de-identified. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order with respect to all such retained information as set forth in Section 4 (DURATION).Nothing herein shall affect the right of the Producing Party to retain or disclose to any person or entity its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless an authorized disclosure by the Producing Party renders the information public.

This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information, except in no case may the Documents, Testimony and other materials exchanged in this litigation be used outside of this litigation, except as provided herein.

14. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

///

///

///

///

///

///

///

///

///

///

///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

This 19th day of October, 2018.


**ROBINS KAPLAN LLP**

/s/Luke A. Hasskamp
Luke Hasskamp (Cal. Bar # 280872)
Jeffrey S. Gleason (*pro hac vice*)
Jamie R. Kurtz (*pro hac vice*)
Nathaniel Moore (Cal. Bar # 277206)
800 LaSalle Avenue
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
lhasskamp@robinskaplan.com
jgleason@robinskaplan.com
jkurtz@robinskaplan.com
nmoore@robinskaplan.com

Roman Silberfeld (Cal. Bar # 62783)
David Martinez (Cal. Bar # 193183)
2049 Century Park East, Suite 3400
Los Angeles, California 90067-3208
T: (310) 552-0130
F: (310) 229-5800
rsilberfeld@robinskaplan.com
dmartinez@robinskaplan.com

*Counsel for Plaintiffs*


**KERMANI LLP**

/s/Mohamad Ahmad
Mohamad Ahmad (Cal. Bar #275911)
2719 Wilshire Blvd., Suite 200
Santa Monica, CA 90403
T: (424) 253-4254
F: (866) 457-7366
ma@kermanillp.com


**JOSEPH, ALEEM & SLOWIK LLC**

/s/Yussuf S. Abdel-Aleem
Yussuf S. Abdel-Aleem (*pro hac vice*)
1355 Peachtree Street NE, Suite 700
Atlanta, GA 30309
T: (678) 392-3868
F: (678) 941-9460
yussuf@josephaleem.com

*Counsel for Defendants*


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: October 19, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *Blue Cross of California, et al. v. Sonoma West Medical*

*Center, Inc., et al.*, Case No. 2:18-cv-04912-SJO-GJS.  I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I understand and agree that all Protected Health Information is subject to state and

federal statutory and regulatory privacy and security standards, including but not

limited to the Health Insurance Portability and Accountability Act of 1996, the

Health Information Technology for Economic and Clinical Health Act of 2009, and

regulations adopted thereunder by the U.S. Department of Health and Human

Services, 45 C.F.R. Parts 160, 162, and 164. I also agree that I will develop,

implement, maintain, and use appropriate administrative, technical and physical

safeguards to preserve the privacy, integrity, and confidentiality of any Protected

Health Information, and to prevent non-permitted use or disclosure of any Protected

Health Information I receive from any person in connection with this case.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____