**ROBINS KAPLAN LLP**
Roman M. Silberfeld (Cal. Bar # 62783)
David Martinez (Cal. Bar # 193183)
2049 Century Park East, Suite 3400
Los Angeles, California 90067-3208
T: (310) 552-0130
F: (310) 229-5800
rsilberfeld@robinskaplan.com
dmartinez@robinskaplan.com

Jeffrey S. Gleason (*pro hac vice*)
William Bornstein (*pro hac vice*)
Jamie R. Kurtz (*pro hac vice*)
Nathaniel J. Moore (Cal. Bar # 277206)
Luke A. Hasskamp (Cal. Bar # 280872)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
wbornstein@robinskaplan.com
nmoore@robinskaplan.com
lhasskamp@robinskaplan.com

Chelsea A. Walcker (*pro hac vice*)
399 Park Avenue, Suite 3600
New York, New York 10022
T: (212) 980-7400
F: (212) 980-7499
cwalcker@robinskaplan.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Blue Cross of California d/b/a Anthem Blue Cross; Anthem Blue Cross Life and Health Insurance Company; Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield; Anthem Health Plans of Maine, Inc. d/b/a Anthem Blue Cross and Blue Shield; Anthem Health Plans of New Hampshire, Inc. d/b/a Anthem Blue Cross and Blue Shield; Anthem Health Plans of Virginia, Inc. d/b/a Anthem Blue Cross and Blue Shield; BCBSM, Inc. d/b/a Blue Cross and Blue Shield of Minnesota; Blue Cross and Blue Shield of Georgia, Inc.; Blue Cross Blue Shield Healthcare Plan of Georgia, Inc.; Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross and Blue Shield; | Case No. 2:18-cv-04912−SJO−GJS<br><br>Assigned to the Honorable S. James Otero<br><br>**JOINT STIPULATION AND REQUEST FOR ENTRY OF ORDER OF DISMISSAL WITH PREJUDICE** |

Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield; Compcare Health Services Insurance Corporation d/b/a Anthem Blue Cross and Blue Shield; Empire HealthChoice Assurance, Inc. d/b/a Empire Blue Cross and Blue Shield; Healthy Alliance Life Insurance Company; HMO HealthKeepers, Inc. d/b/a Anthem Blue Cross and Blue Shield; HMO Missouri, Inc.; RightCHOICE Managed Care, Inc.; and Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield of Colorado,

             Plaintiffs,

v.

Sonoma West Medical Center, Inc.; DL Investment Holdings LLC f/k/a Durall Capital Holdings, LLC; Reliance Laboratory Testing, Inc.; Medivance Billing Service, Inc.; Aaron Durall; and Neisha Carter Zaffuto,

             Defendants.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs Blue Cross of California d/b/a Anthem Blue Cross; Anthem Blue Cross Life and Health Insurance Company; Anthem Health Plans, Inc. d/b/a Anthem Blue Cross and Blue Shield; Anthem Health Plans of Maine, Inc. d/b/a Anthem Blue Cross and Blue Shield; Anthem Health Plans of New Hampshire, Inc. d/b/a Anthem Blue Cross and Blue Shield; Anthem Health Plans of Virginia, Inc. d/b/a Anthem Blue Cross and Blue Shield; BCBSM, Inc. d/b/a Blue Cross and Blue Shield of Minnesota; Blue Cross and Blue Shield of Georgia, Inc.; Blue Cross Blue Shield Healthcare Plan of Georgia, Inc.; Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross and Blue Shield; Community Insurance Company d/b/a Anthem Blue Cross and Blue

Shield; Compcare Health Services Insurance Corporation d/b/a Anthem Blue Cross and Blue Shield; Empire HealthChoice Assurance, Inc. d/b/a Empire Blue Cross and Blue Shield; Healthy Alliance Life Insurance Company; HMO HealthKeepers, Inc. d/b/a Anthem Blue Cross and Blue Shield; HMO Missouri, Inc.; RightCHOICE Managed Care, Inc.; and Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield of Colorado (collectively, "Plaintiffs"), and Defendants DL Investment Holdings LLC f/k/a Durall Capital Holdings, LLC; Reliance Laboratory Testing, Inc.; Medivance Billing Service, Inc.; Aaron Durall; and Neisha Carter Zaffuto (collectively the "Settling Defendants"), hereby jointly request and stipulate to the entry of an Order by the Court:

(1) Dismissing all claims and counterclaims in this action with prejudice forthwith;[1]

(2) Incorporating by reference the terms of the parties' Confidential Settlement Agreement into the Court's Order of dismissal, which the parties will seek leave to file under seal prior to the entry of the requested order;

(3) Retaining jurisdiction over this matter for purposes of enforcing the Confidential Settlement Agreement;[2]

(4) This Court retains jurisdiction to vacate the requested dismissal with prejudice to the extent permitted by the terms of the Confidential Settlement

---

[1] The claims the parties have stipulated to dismiss include those against Sonoma West Medical Center, which has not entered an appearance in this action due to its bankruptcy. "[C]ourts have recognized that a dismissal of bankrupt defendant will not violate the 11 U.S.C. § 362 automatic bankruptcy stay if the dismissal is consistent with the bankruptcy stay." *Jones v. TW & Co.*, No. 1:11-cv-01242-AWI-JLT, 2015 U.S. Dist. LEXIS 8748, at *3 (E.D. Cal. Jan. 23, 2015). Such is the case here, as Sonoma West Medical Center has not filed any counterclaims or otherwise participated in this litigation, and dismissal of Plaintiffs' claims is with prejudice.

[2] Federal courts may maintain "ancillary jurisdiction to enforce [a settlement] agreement" where "the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

Agreement, and in the event this order is vacated pursuant to the terms of the Confidential Settlement Agreement, Plaintiffs shall have the absolute right to reinstate and resume the prosecution of their claims free of the releases provided for in the Confidential Settlement Agreement. Notwithstanding the foregoing, this dismissal with prejudice is entered and with full force and effect as of the date of entry of this order.[3]

(5) Modifying the first sentence of Section 13 of the Stipulated Protective Order (Dkt. 87), to replace "Within 60 days after the final disposition of this Action by settlement or exhaustion of all appeals," with "Within 60 days after the Settling Defendants pay the Settlement Amount in full;" and adding at the end of the first paragraph of Section 5.2 the following language: "except that in the event of a settlement, the Parties agree that all financial, personal, or other documents that would otherwise not be available in the public domain shall be considered as highly confidential information under the protective order."

---

[3] *See, e.g.*, *Limbright v. Hofmeister*, 553 F. Supp. 2d 886, 892 (E.D. Mich. 2008) (granting motion to reopen case pursuant to terms of settlement agreement incorporated by reference into the court's order or dismissal); *Int'l Painters & Allied Trades Indus. Pension Fund v. Vimas Painting Co.*, No. WDQ-10-3645, 2014 U.S. Dist. LEXIS 61180, at *7-8 (D. Md. May 2, 2014) (granting motion to reinstate case pursuant to settlement agreement terms because "the Court's order dismissing this case without prejudice specifically stated that case was subject to reinstatement under the terms of the settlement agreement"); *Melchor v. Eisen & Son Inc.*, No. 15cv00113 (DF), 2016 U.S. Dist. LEXIS 77361, at *38 (S.D.N.Y. June 10, 2016) (entering order that settled case be "discontinued with prejudice and without costs, provided, however, that within 30 days of the date of this Order, if the parties' written documentation of the settlement is not completed, Plaintiffs may apply by letter for the restoration of the action to the active calendar of the Court").

Dated: April 10, 2019.

By: */s/* David Martinez
**ROBINS KAPLAN LLP**
Roman M. Silberfeld
David Martinez
2049 Century Park East, Suite 3400
Los Angeles, California 90067-3208
T: (310) 552-0130
F: (310) 229-5800
rsilberfeld@robinskaplan.com
dmartinez@robinskaplan.com

Jeffrey S. Gleason (*pro hac vice*)
William Bornstein (*pro hac vice*)
Jamie R. Kurtz (*pro hac vice*)
Nathaniel J. Moore
Luke A. Hasskamp
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
wbornstein@robinskaplan.com
jkurtz@robinskaplan.com
nmoore@robinskaplan.com
lhasskamp@robinskaplan.com

Chelsea A. Walcker (*pro hac vice*)
399 Park Avenue, Suite 3600
New York, New York 10022
T: (212) 980-7400
F: (212) 980-7499
cwalcker@robinskaplan.com

*Attorneys for Plaintiffs*

By: */s/* Dmitry Shifrin
**POLSINELLI PC**
Brian F. McEvoy
Alex I. Bartko
1201 W. Peachtree St., Suite 1100
Atlanta, GA 30309
T: (404) 253-6030
F: (404) 253-6060
bmcevoy@polsinelli.com
abartko@polsinelli.com

Dmitry Shifrin
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60601
T: (312) 463-6325
F: (312) 893-2217
dshifrin@polsinelli.com

**JOSEPH ALEEM & SLOWIK LLC**
Yussuf S. Abdel-Aleem
John S. Wisiackas
1355 Peachtree Street NE Suite 700
Atlanta, GA 30309
T: (678) 392-3868
F: (678) 941-9460
yussuf@josephaleem.com
john.wisiackas@aleemlaw.com

Mohamad Saleh Ahmad
Uriah Tagle
2719 Wilshire Boulevard, Suite 200
Santa Monica, CA 90403
T: (424) 253-4254
F: (678) 202-0209
mohamad@josephaleem.com
uriah@josephaleem.com

**DI PIETRO PARTNERS, LLP**
David Di Pietro
901 East Las Olas Blvd.
Suite 202
Ft. Lauderdale, FL 33301
T: (954) 712-3070
F: (954) 337-3824
david@ddpalaw.com

**LAW OFFICES OF LEVI WILLIAMS PA**
Levi G. Williams
Chad C. Marcus
12 SE 7th Street
Suite 710

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Ft. Lauderdale, FL 33301  
T: (954) 463-1628  
F: (954) 463-1630  
levi@leviwilliamslaw.com  
chad@leviwilliamslaw.com  

***Attorneys for All Defendants Except Sonoma West Medical Center, Inc.***

ROBINS KAPLAN LLP  
ATTORNEYS AT LAW  
LOS ANGELES

- 6 -

JOINT STIPULATION AND REQUEST FOR ENTRY  
OF ORDER OF DISMISSAL WITH PREJUDICE  
2:18-CV-04912−SJO−GJS